## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 29 2016, 9:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer G. Schlegelmilch
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ronald E. Harrod, *Appellant-Defendant,* | December 29, 2016 |
| | Court of Appeals Case No. 48A02-1604-CR-871 |
| v. | Appeal from the Madison Circuit Court |
| State of Indiana, *Appellee-Plaintiff* | The Honorable David A. Happe, Judge |
| | Trial Court Cause No. 48C04-1501-F4-142 |

**Baker, Judge.**

[1] Ron Harrod appeals his conviction for Level 4 Child Felony Molesting.[1] Harrod argues that the trial court erred by admitting impermissible vouching testimony into evidence and that there is insufficient evidence supporting his conviction. Finding no error, and sufficient evidence, we affirm.

## Facts

[2] In August 2014, seven-year-old E.T. spent the night at the home of her grandparents, Deborah and Ron Harrod, for the first time. E.T. was to sleep in a bed on the living room couch that Deborah had made up for her. When E.T. went to bed, Deborah tucked her in and watched television with her until she fell asleep. Deborah then went to sleep in the bedroom she shared with Harrod, who was already asleep in their bed. Around midnight, E.T. came into the bedroom and said that she was scared and wanted to sleep with her grandparents. E.T. went on Harrod's side of the bed and laid down beside him, putting Harrod in the middle of the bed between her and Deborah.

[3] At some point in the night, Harrod put his hand on E.T.'s stomach and then moved his hand down and rubbed her crotch. When Deborah moved, he yanked his hand away from E.T.'s body. Later in August, E.T. told her brother and then her mother about what had happened with Harrod. E.T.'s mother, her brother, and Deborah took her to the Anderson Police Department, where they spoke with an officer. On September 2, 2014, Detective Mark Brizendine

---

[1] Ind. Code § 35-42-4-3.

was assigned to investigate the case, and on September 5, 2014, he interviewed E.T. On September 12, 2014, he interviewed Harrod. During the interview, Harrod said that he pushed on E.T.'s stomach, then said that he rubbed her stomach because she had said that her stomach hurt. Following the interview, Harrod called Detective Brizendine to tell him that he thought the dog was in the bed rubbing against E.T.

[4] On January 30, 2015, the State charged Harrod with Level 4 felony child molesting. On February 23, 2015, the State added an habitual offender sentence enhancement. On March 2, 2016, a jury trial took place.

[5] During the trial, the trial court ruled that Detective Brizendine, who is a certified forensic interviewer, could testify about the general behavior and mechanics of disclosure by child molest victims and the methods he uses to interview victims. The trial court stated that Detective Brizendine could not discuss the victim's credibility or whether her behavior was consistent or inconsistent with a truthful disclosure because that would be inappropriate vouching for the victim.

[6] Detective Brizendine testified that he is trained to speak with child victims in age-appropriate ways, to ask open-ended questions that are intended to avoid influencing the child victim being interviewed, and to get the child victim to respond with open-ended narratives. He also testified that disclosure is a process, and children go through different stages of the process, including denial, tentative disclosure, active disclosure, recantment, and confirmation.

[7] After testifying about this general information, the State directed Detective Brizendine to the present case. Detective Brizendine testified that he interviewed E.T. on September 5, 2014. The testimony proceeded as follows:

> Q: Okay. And did you get to talk to [E.T.] at the child advocacy center on the 5th of September?
>
> A: Yes, I did.
>
> ***
>
> Q: Okay. During that interview, did she disclose to you?
>
> A: Yes.
>
> Q: And, based on that disclosure, what did you do next?
>
> A: Uh, I contacted the suspect and set up an interview with him.
>
> Q: Okay. And that interview process, uh, is the one about the protocol that you were talking earlier, correct?
>
> A: Right.

[8] Tr. p. 464-65. Detective Brizendine then testified about his interview of Harrod. He testified that he asked Harrod whether he rubbed E.T.'s stomach because that is what E.T. said happened.

[9] The jury found Harrod guilty as charged. Harrod admitted to being an habitual offender. On April 4, 2016, the trial court sentenced Harrod to twelve years of

incarceration for his felony conviction and enhanced it by twenty years for being an habitual offender, for a total of thirty-two years of incarceration. Harrod now appeals.

# Discussion and Decision

[10] Harrod argues that Detective Brizendine's testimony amounted to improper vouching and that there was insufficient evidence to sustain his conviction.

# I. Detective Brizendine's Testimony

[11] Harrod argues that the trial court erred when it admitted Detective Brizendine's testimony. A trial court has broad leeway in ruling on the admissibility of evidence and we will disturb its rulings only where the court erred in its ruling. *Hoglund v. State*, 962 N.E.2d 1230, 1237 (Ind. 2012). An error occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Id.* However, even if the trial court erroneously admits evidence, such error will be disregarded unless it affects the substantial rights of a party. *Id.* at 1238.

[12] Indiana Evidence Rule 704(b) provides that "[w]itnesses may not testify to opinions concerning intent, guilt, or innocence in a criminal case; the truth or falsity of allegations; whether a witness has testified truthfully; or legal conclusions." Testimony that consists of "some accrediting of the child witness in the form of opinions from parents, teachers, and others having adequate experience with the child, that the child is not prone to exaggerate or fantasize about sexual matters" is not admissible. *Hoglund*, 962 N.E.2d at 1237. "This

indirect vouching testimony is little different than testimony that the child witness is telling the truth," and therefore is at odds with Evidence Rule 704(b). *Id.*

[13] We are guided by *Carter v. State*, in which this Court found that the testimony of a forensic interviewer did not constitute impermissible vouching testimony. 31 N.E.3d 17, 30 (Ind. Ct. App. 2015). Although the forensic interviewer in *Carter* had interviewed the child molest victim, her testimony was broad and generalized; she did not mention the child victim in her testimony or give a statement or opinion regarding the truth or falsity of the child's allegations of molestation. *Id.* at 29. Her testimony "provided information to the jury beyond that commonly understood by laypersons." *Id.* at 30.

[14] Similarly, here, Detective Brizendine did not testify as to his opinion of E.T.'s truthfulness or credibility; he simply reported that he had interviewed her, and on the basis of her disclosure, scheduled an interview with Harrod. He did not testify about E.T.'s disclosure process or her emotional reaction. Although Harrod contends that Detective Brizendine's testimony that he scheduled an interview with Harrod based on E.T.'s disclosure implied to the jury that he believed E.T. was truthful, the jury could have reasonably inferred from this testimony that Detective Brizendine was simply following standard investigative procedure by following up with a suspect, rather than implying that he believed E.T. Nor did Detective Brizendine's testimony about his question to Harrod about whether Harrod rubbed E.T.'s stomach indicate that he believed E.T.; again, the jury could have reasonably inferred from this

testimony that Detective Brizendine was following investigative procedure by asking the suspect about the allegation against him. Accordingly, we find that Detective Brizendine's testimony did not constitute impermissible vouching.[2]

## II.  Sufficiency of the Evidence

[15]     Harrod argues that, without Detective Brizendine's testimony, there is insufficient evidence to support his conviction. When reviewing a claim of insufficient evidence, we will consider only the evidence and reasonable inferences that support the conviction. *Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011). We will affirm if, based on the evidence and inferences, a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). Circumstantial evidence alone is sufficient if inferences may reasonably be drawn that enable the factfinder to find the defendant guilty beyond a reasonable doubt. *Pratt v. State*, 744 N.E.2d 434, 437 (Ind. 2001). To convict Harrod of Level 4 felony child molesting, the State was required to prove beyond a reasonable doubt that he was "[a] person who, with a child under fourteen (14) years of age, perform[ed] or submit[ted] to any fondling or touching, of either the child or the older person, with intent

---

[2] In his brief, Harrod also asserts that Detective Brizendine's testimony constituted impermissible vouching because it provided the framework for and was referenced in the State's closing argument. We fail to see how a prosecutor's closing argument could constitute vouching by a witness. Moreover, during closing argument, a prosecutor may fairly comment on the facts introduced at trial. *See Cooper v. State*, 854 N.E.2d 831 (Ind. 2006).

to arouse or to satisfy the sexual desires of either the child or the older person . . . ." I.C. § 35-42-4-3.

[16]  Even without Detective Brizendine's testimony about the fact that he had interviewed E.T., there was sufficient evidence to support his conviction. E.T. testified that Harrod's "hand was like going down to my private part," tr. p. 321, and when asked to show what she meant by "private part," she pointed at her genitalia. She also testified that he was rubbing his hand there, but yanked it away when Deborah moved in the bed. This testimony, alone, is sufficient to support his conviction. *See Stewart v. State*, 768 N.E.2d 433, 436 ("[T]he uncorroborated testimony of a child victim is sufficient to support a conviction for child molesting."). The State also presented evidence from Deborah that she felt Harrod's arm move up and down when they were in bed and from Detective Brizendine about Harrod's conflicting statements. In sum, the jury had sufficient evidence to support the conviction.

[17]  The judgment of the trial court is affirmed.


Mathias, J., and Pyle, J., concur.